UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

DALE MILLER                               CIVIL ACTION NO. 6:11-cv-1764
    LA. DOC #479248
VS.                                       SECTION P

                                             JUDGE HAIK

THE STATE OF LOUISIANA                    MAGISTRATE JUDGE HILL

MEMORANDUM ORDER

Before the Court are a series of pleadings, motions, and exhibits filed in proper

person by Dale Miller. Miller is an inmate in the custody of the Louisiana Department of

Public Safety and Corrections,  incarcerated at the Louisiana State Penitentiary in Angola,

Louisiana. Miller is serving a life sentence imposed by the Fifteenth Judicial District

Court for Lafayette Parish, Louisiana, following his conviction for second degree murder.

*Background*

On February 13, 2004, Miller was found guilty as charged of second degree

murder and thereafter sentenced to serve life imprisonment. Miller's conviction and

sentence were affirmed on direct review in an unpublished opinion of the Louisiana Third

Circuit Court of Appeals. *State of Louisiana v. Dale Robin Miller, a/k/a Russell Ralston,

a/k/a George Bathen*, 2004-00858, 888 So.2d 1166  (La. App. 3 Cir. 12/8/2004) (Table).

Miller did not seek further direct review in the Louisiana Supreme Court.  Miller's

subsequent application for post-conviction relief was ultimately denied  by the Louisiana

Supreme Court on March 9, 2007. *State of Louisiana ex rel. Dale Miller v. State of*

*Louisiana*, 2006-1509, 949 So.2d 437 (La. 3/9/2007).

On March 20, 2007, Miller filed a petition for writ of *habeas corpus* in the United States District Court for the Middle District of Louisiana.  The petition was transferred to this court.  On August 26, 2008, the petition was dismissed with prejudice, each of petitioner's claims having been addressed on the merits.  *Dale Miller v. Burl Cain, Warden*, No. 6:07-cv-0798, doc. 20.  Miller's request for a Certificate of Appealability was denied by the United States Fifth Circuit Court of Appeals on July 29, 2009.  *Id*. at doc. 31, *Miller v. Cain*, No. 08-30875 (5th Cir. 2009).

On January 5, 2010, Miller filed a *pro se* motion seeking authorization to file a second *habeas* petition in the Fifth Circuit Court of Appeals. On January 6, 2010, Miller was ordered to file a "proper motion" within 30 days.  On February 11, 2010, his motion was dismissed for failing to comply with the Fifth Circuit's order.  *In re: Dale Robin Miller*, No. 10-30007, (5th Cir. 2010).

On September 23, 2011, Miller submitted a *pro se* hand-written pleading entitled "Motion to Reconsider Motion for *Nunc pro Tunc* Hearing" to the Clerk of this Court. This pleading, which bears a heading indicating that it was filed originally in the Fifteenth Judicial District Court under that Court's docket number 92141 was accompanied by various "interrogatories" and excerpts from trial transcripts. *See* 6:11-cv-1764,  doc. 1. On the same day, Miller filed several Motions as follows:  (1) a "Motion to Appoint Counsel" in which he alleges that he needs an attorney to obtain affidavits from alibi

witnesses so that he can "get a hearing or to file a 2nd request to the 5th Cir U.S. Court of Appeal so a 2nd *habeas corpus* application can be filed." [doc. 2]; (2) a "Petition to Take Depositions Before Action" in which he cites "Rule 27A(1)" and in which he claims that he is "preparing to file a 60(B)(3) motion" seeking to establish "fraud, misrepresentation, or other misconduct of an adverse party . . . or a *habeas corpus* 2254." [doc. 3]; and (3) a "Petition to Obtain a Copy of *Habeas Corpus* and This Court's Ruling on *Habeas Corpus* Case No. 6:07-cv-00798." [doc. 4]. In response to the latter motion, the Clerk sent Miller a copy of the docket sheet and an estimate of this Court's fees for providing copies of the requested document.

On October 11, 2011, the undersigned issued an Order directing Miller to utilize the appropriate forms provided to prisoners seeking *habeas corpus* relief from a state court judgment pursuant to 28 U.S.C. § 2254.[1] He was also Ordered to submit either this Court's filing fee or a properly executed application to proceed *in forma pauperis*. Miller was expressly advised that his failure to comply with this Court's Order would result in his pleadings being stricken. [doc. 6].

Rather than complying with this Court's Order, on October 31, 2011, Miller instead filed a "Motion to Clarify Pleadings" in which Miller alleges that this Court has "misconstrued [his] pleadings . . ." because he did not intend the pleadings to be construed as a *habeas* petition filed pursuant to § 2254. In this Motion, Miller again

---

[1]These forms were sent to Miller along with this Court's Order.

requests that counsel appointed "to get affidavits from the 4 eyewitnesses that told I was

not person they saw . . ." and "for depositions to be taken and to grant me copies of

*habeas corpus* case No. 6:07-cv-00798 so I can file to 5th Circuit U.S. Court of Appeals

asking permission to file a 2nd or successive *habeas corpus* petition. . . ." [doc. 7].

By Motion filed on November 9, 2011, Miller requests that his failure to comply

with the Order directing him to pay the filing fee or submit an application to proceed in

*forma pauperis* be excused.  He further requests that the Court rule on his motion to

appoint counsel, his motion to take depositions, and his motion to obtain copies.  [doc. 9].

### *Law and Analysis*

### I. Nature of the Instant Action

Petitioner asserts by Motion that he did not intend for his pleadings to be construed

as a petition seeking *habeas corpus* relief.  It is clear, however, that is the only basis upon

which this Court could possibly entertain his pleadings.  Miller does not seek money

damages.  Rather, Miller seeks to challenge the validity of his state court criminal

conviction and thus, secure his release from custody. "Challenges to the validity of any

confinement or to particulars affecting its duration are the province of *habeas corpus*."

*Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004).  Accordingly, a

*habeas corpus* petition is the proper vehicle to assert such challenges. *Preiser v.*

*Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1833, 36 L.Ed., 2d 439 (1973);  *Serio v.*

*Members of the La. State Board of Pardons,* 821 F.2d 1112, 1117 (5th Cir. 1987); *Spina v.*

*Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987); *Pugh v. Parish of St. Tammany*, 875 F.2d

436, 439 (5th Cir. 1989).  Miller's pleadings are therefore properly construed as a petition

for federal *habeas corpus* relief, and Miller's "Motion to Clarify Pleadings" [doc. 7]

should be denied.

**II. Filing Fees**

As set forth above, Miller has filed numerous pleadings and exhibits in this court.

He was, early in this process, Ordered to either pay this court's filing fee or to submit a

properly executed application to proceed *in forma pauperis.*  Miller was expressly advised

that his failure to take any action would result in his pleadings being stricken.  The

deadline for compliance with this Court's Order was November 10, 2011.   To date,

Miller has done neither.  Accordingly, all of Miller's  pleadings and Motions should be

stricken for his failure to pay this Court's filing fee or submit a proper application to

proceed in *forma pauperis*.

Miller has requested that his failure to comply with this Court's Order be excused.

However, he presents no justification for his request, nor is the undersigned aware of any

such justification.  All litigants must pay for this Court's services, whether the payment be

made in advance or in accordance with the provisions of the statute authorizing in *forma*

*pauperis* status for *pro se* prisoner litigants.  Miller's "Motion to Excuse Late Filing"

[doc. 9] should therefore be denied.

### III.  Free copies

Miller  has requested copies of various documents filed in his connection with his previous *habeas corpus* action.  However, in response to that request, Miller was instructed to submit a copying fee to the Clerk of Court.  To date he failed to do so.

This court does not provide copies of court documents to litigants free of charge. Additionally, plaintiff has not demonstrated sufficient evidence or good cause as to why he is entitled to copies of the record at the court's expense.  Indeed, even if petitioner had been granted permission to proceed *in forma pauperis*, his status would not excuse him from payment litigation costs that a party must bear, including this court's copy fee; an indigent plaintiff is not entitled to copies of any documents he desires without payment of the normal fees and costs.   *Billups v. West,* 1997 WL 100798, *7 (S.D. N.Y. 1997); *In Re Richard*, 914 F.2d 1526, 1527 (6th  Cir. 1990); *Guinn v. Hoecker,* 43 F.3d 1483, *1 (10th Cir. 1994), *cert. denied*, 514 U.S. 1118, 115 S.Ct. 1980, 131 L.Ed.2d 868 (1995); *Gill v. Neaves,* 657 F. Supp. 1394, 1402 (W.D. Tex. 1987); *United States v. Bowler*, 1998 WL 158732 (E.D. La. 1998) *citing Tabron v. Grace*, 6 F.3d 147, 158-69 (3rd Cir. 1993); *Douglas v. Green*, 327 F.2d 661, 662 (6th  Cir. 1964); *Schwarz v. Interpol*, 48 F.3d 1232 (10th  Cir. 1995).

Miller's "Petition to Obtain a Copy of *Habeas Corpus* and This Court's Ruling on *Habeas Corpus* Case No. 6:07-cv-00798" [doc. 4] should accordingly be denied.

**IV. Motion for Depositions to Perpetuate Testimony**

Invoking the provisions of Rule 27 of the Federal Rules of Civil Procedure, Miller

asks this Court's permission to depose, and thus perpetuate the testimony of witnesses,

who Miller asserts will establish that he is entitled to obtain authorization from the Fifth

Circuit Court of Appeal to file a second *habeas corpus* petition in this Court. Rule 27

allows a potential litigant to perpetuate testimony based on facts which establish that the

information in question might be lost or unavailable in the future.

While Rule 27 authorizes the perpetuation of evidence, it does not authorize

discovery to uncover evidence; the Rule is not available to fish for some ground for

bringing a suit at a later date. *See In re Landry-Bell*, 232 F.R.D. 266 (W.D. La.. 2005)

*citing* Wright, Miller & Marcus, *Federal Practice and Procedure,* § 2071 at 651-652;

*Application of Eisenberg*, 654 F.2d 1107 (5th Cir. 1981) ("A person contemplating

litigation has no absolute entitlement to early discovery under Rule 27. Moreover, the

refusal to permit discovery prior to the institution of a suit is a ruling with only temporary

application. The petitioner is free to seek discovery once the anticipated action has been

filed.").

For this reason, Miller's "Petition to Take Depositions Before Action" [doc. 3]

should likewise be denied.[2]

---

[2]Miller's request to engage in discovery may likewise be denied under Rule 6(a) of the
Rules Governing § 2254 Cases which provides:

> A party shall be entitled to invoke the processes of discovery available under the
> Federal Rules of Civil Procedure if, and to the extent that, the judge in the

## V. Appointment of Counsel

Finally, Miller asks the Court to appoint counsel to assist him in preparing for future litigation challenging his Louisiana state court conviction. The court may appoint counsel to represent an inmate pursuing federal *habeas corpus* relief.  28 U.S.C. § 2254; Rules 6(a) and 8(c), Rules Governing Section 2254 Cases; and 18 U.S.C. § 3006A. Nevertheless, there is no Sixth Amendment right to appointed counsel for prisoners mounting collateral attacks on their convictions or sentences. *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987).  *McClesky v. Zant*, 111 S.Ct. 1454, 1471 (1991); *Santana v. Chandler*, 961 F.2d 514, 516 (5th Cir. 1992). *See also Wright v. West*, 505 U.S. 277, 293, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (no Constitutional right to counsel in *habeas corpus* proceedings); *Johnson v. Hargett*, 978

---

exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

A federal *habeas* court must allow discovery and an evidentiary hearing only where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing. *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994) *citing Harris v. Nelson*, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969), *Young v. Herring*, 938 F.2d 543 (5th Cir. 1991) (on remand), *cert. denied*, 503 U.S. 940, 112 S.Ct. 1485, 117 L.Ed.2d 627 (1992), and *Mayberry v. Petsock*, 821 F.2d 179 (3d Cir.), *cert. denied*, 484 U.S. 946, 108 S.Ct. 336, 98 L.Ed.2d 362 (1987).  Petitioner has had a full and fair hearing in both the Louisiana state courts and this court.

Furthermore, conclusory allegations are not enough to warrant discovery under Rule 6 of the Federal Rules Governing Section 2254 Petitions; the petitioner must set forth specific allegations of fact. *Id. citing Willie v. Maggio,* 737 F.2d 1372 (5th Cir.), *cert. denied*, 469 U.S. 1002, 105 S.Ct. 415, 83 L.Ed.2d 342 (1984), and *Mayberry*.  This petitioner has not done.

Finally, Rule 6, which permits the district court to order discovery on good cause shown, does not authorize fishing expeditions. *Id. citing  Kirkpatrick v. Whitley*, 992 F.2d 491 (5th Cir.1993). Succinctly stated, "*Habeas corpus* is not a general form of relief for those who seek to explore their case in search of its existence." *Id. citing Aubet v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  Petitioner has not shown good cause – to the contrary, he seeks to engage in a fishing expedition to explore the existence of a case before filing. This Miller cannot do.

F.2d 855, 859 (5th  Cir. 1992).

Of course, should the court ultimately determine that an evidentiary hearing is

necessary, the court must appoint counsel;  but until such time, the decision on whether or

not to appoint counsel rests in the sound discretion of the trial court.  *United States v.*

*Vasquez*, 7 F.3d 81, 84 (5th  Cir. 1993).  In resolving this issue, the court should consider

both the legal and factual complexity of the case along with petitioner's ability to prepare

and present his claim.  *See Santana v. Chandler*, 961 F.2d. 514, 516 (5th Cir. 1992)[3];

*Abdullah v. Norris*, 18 F.3d 571, 573 (8th  Cir. 1994).

The undersigned finds that at this time, petitioner has failed to demonstrate that his

case is so legally or factually complex that he is unable to adequately investigate and

present his claims, either in this court in the Fifth Circuit Court of Appeals.  Furthermore,

the undersigned finds that any such appointment would not benefit the court.

Accordingly, Miller's  "Motion to Appoint Counsel" [doc. 2] should be  denied.

Based on the foregoing;

**IT IS ORDERED** that all of Miller's pleadings and motions are **STRICKEN.**

Accordingly, this proceeding is hereby **CLOSED**, and the **Clerk shall not** accept any

---

[3]In *Santana v. Chandler,* 961 F.2d 514, 516 (5th Cir. 1992), the Fifth Circuit articulated the following factors for the court to consider when determining whether exceptional circumstances exist necessitating the appointment of counsel:

1.   the skill required in presentation of the claims and evidence;

2.   whether the appointment of counsel would benefit the petitioner and the court.

3.   the legal and factual complexity of the case; and

4.   the ability of the *pro se* petitioner to adequately investigate and present the claims to the court.

*Santana, supra. citing Cooper v. Sheriff,* 929 F.2d 1078 (5th  Cir. 1991) (claim under 42 U.S.C. § 1983).

further filings from Miller in this action.

Alternatively, Miller's Motion for this Court rule on his pending Motions [doc. 9] is **GRANTED**.  Accordingly, Miller's Motion to Clarify the Pleadings [doc. 7], Motion to Excuse Late Filing [doc. 9], Motion to Obtain Free Copies [doc. 4], Motion to Take Depositions or Discovery [doc. 3] and Motion to Appoint Counsel [doc. 2] are **DENIED.**

Signed in Chambers, Lafayette, Louisiana on December 15, 2011.


_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE