UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DALE MILLER** | **CIVIL ACTION NO. 6:11-cv-1764** |
| **LA. DOC #479248** | |
| **VS.** | **SECTION P** |
| | **JUDGE HAIK** |
| **THE STATE OF LOUISIANA** | **MAGISTRATE JUDGE HILL** |

## MEMORANDUM ORDER

Before the Court is a pleading filed by *pro se* movant Dale Miller entitled "9-B Motion for Fraud or Petition to Re-Open Habeas Corpus" [rec. doc. 15]. By this pleading, Miller requests that this Court re-open this federal *habeas corpus* action which was closed by this Court on December 15, 2011.[1] Miller further requests that this Court consolidate this action with a closed civil action (*Miller v. Michot*, *et al.,* Civil Action No. 6:13-cv-0468) and another civil action which the undersigned has recommended be dismissed with prejudice for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1) (*Miller v. State of Louisiana, et al.*, Civil

---

[1] This action was closed after this Court struck petitioner's pleadings for his failure to pay this Court's filing fee or submit a proper application to proceed in *forma pauperis*, and his Motions were alternatively denied. Had the pleadings not been stricken and the action closed, the action would have been dismissed as a second and successive *habeas corpus* petition filed without proper authorization of the United States Fifth Circuit Court of Appeal as mandated by 28 U.S.C. § 2244(b)(3)(A). *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). Petitioner's federal *habeas corpus* action was denied and dismissed with prejudice, on the merits, by August 27, 2008 Judgment. *Dale Miller v. Burl Cain, Warden*, Civil Action No. 6:07-cv-0798 (W.D. La. 2008). A Certificate of Appealability was denied by the Fifth Circuit Court of Appeals on July 29, 2009. *Miller v. Cain*, No. 08-30875 (5th Cir. 2009) (unpublished).

Action No. 6:13-cv-0609 (W.D. La. 2013)), and consider all of these actions as a single federal petition for writ of *habeas corpus,* seeking criminal prosecution of all of the named defendants and respondents in the separate actions.

As Miller has already be advised on three occasions, no matter how his pleadings are styled, Miller's requested relief is not available. *See* (*Miller v. State of Louisiana, et al.*, Civil Action No. 6:13-cv-0609, rec. doc. 8 (W.D. La. 2013)*; Miller v. Michot, et al.,* Civil Action No. 6:13-cv-0468, rec. doc. 11 (W.D. La. 2013) and *Miller v. Judge Hebert*, 6:13-mc-0008, rec. doc. 2 (W.D. La. 2013). This Court cannot initiate a criminal prosecution. Miller has no private cause of action to prosecute any person under the law, nor may Miller initiate a criminal prosecution through a private law suit. Simply stated, private citizens, like Miller, do not have a right to compel a criminal prosecution or to have the defendants criminally prosecuted.

Further, this Court will not re-open actions which have been closed.

Finally, this Court will not re-characterize any of petitioner's actions as a federal petition for writ of *habeas corpus* because this Court does not have jurisdiction to entertain such an action. Petitioner's has already filed a federal *habeas corpus* action attacking his state court conviction and sentence for second degree murder. That action was denied and dismissed with prejudice, on the merits, by August 27, 2008 Judgment. *Dale Miller v. Burl Cain, Warden*, Civil Action No. 6:07-cv-0798 (W.D. La. 2008). A Certificate of Appealability was denied by the Fifth Circuit Court of Appeals on July 29, 2009. *Miller v. Cain*, No. 08-30875 (5th Cir. 2009) (unpublished). Petitioner has not

received authorization of the United States Fifth Circuit Court of Appeal mandated by 28 U.S.C. § 2244(b)(3)(A) to file a second or successive federal *habeas corpus* action. Accordingly, in the absence of such authorization, this Court lacks jurisdiction to entertain a *habeas corpus* action. *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

For these reasons;

Dale Miller's Motion entitled "9-B Motion for Fraud or Petition to Re-Open Habeas Corpus" [rec. doc. 15] is **DENIED.** The **Clerk shall not** accept any further filings from Miller in this closed action.

In Chambers at Lafayette, Louisiana, on May 22, 2013.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE